UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SEBRON FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | 17-CV-4045 |
| | ) | |
| v. | ) | |
| | ) | |
| ARAMARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendants do not dispute that Plaintiff, a resident of the Rushville Treatment and Detention Center, has a life-threatening allergy to turkey. Plaintiff acknowledges that Defendants have taken steps to ensure that Plaintiff receives a turkey-free diet, but Plaintiff maintains that those steps did not prevent him from receiving meals with turkey since 2015, particularly before Plaintiff began receiving prepackaged kosher meals in the Fall of 2016. Plaintiff argues that the basic problem is a lack of supervision over the residents who prepare and distribute the meals. The Court found that Plaintiff stated as claim that "he was or is being provided

meals that are constitutionally inadequate or unsafe." (3/17/17 Order.)

Defendants move for summary judgment, presenting evidence that they have taken reasonable steps to try to ensure that Plaintiff receives no turkey meals and to quickly rectify mistakes when they occur. Plaintiff does not dispute that he has not actually eaten any turkey and that he receives a substitute meal upon notifying someone when a mistake is made. Plaintiff has not had an allergic reaction though he fears he will if he accidentally eats turkey.

Plaintiff argues that Defendants have been negligent, but negligence or even gross negligence does not violate the U.S. Constitution. <u>Miranda v. County of Lake</u>, 900 F.3d 335, 353 (7th Cir. 2018). Defendants argue that deliberate indifference is the standard, but the Court is not so sure in light of the Seventh Circuit's recent opinion in <u>Miranda</u>. <u>Miranda</u> jettisoned the deliberate indifference standard for detainees regarding claims for lack of medical care. Instead, at least for constitutional medical claims, a detainee must show that: (1) "the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their" treatment decisions;

and, (2) that those actions were objectively unreasonable. The standard is "more than negligence but less than subjective intent, something akin to reckless disregard.'" Id. (*quoting* Gordon v. County of Orange, 888 F.3d 1118 (9th Cir. 2018)). When conduct crosses the line from negligence into objective unreasonableness depends on the facts of each case, just like the deliberate indifference standard.

The record here is missing important facts about the frequency of the problem, particularly before Plaintiff began receiving prepackaged kosher meals. For example, if Plaintiff was served turkey nearly every day and complained to Defendants nearly every day, an inference of something more than negligence might arise. Relevant evidence would include the number of grievances Plaintiff filed (with copies of those grievances provided to the Court), whether Defendants were aware of those grievances, and, if so, their responses to those grievances. Without facts on the frequency of the mistakes and Defendants' knowledge of that frequency, summary judgment is inappropriate.

On a separate matter, Plaintiff has renewed his motion for counsel. Plaintiff asserts that he found an attorney to accept pro

bono appointment but that the Court denied Plaintiff's motion. The Court does not see a letter from that attorney in the record, but if an attorney is willing to accept pro bono appointment in this case, the Court will gladly appoint that attorney. The Court cannot require an attorney to accept pro bono appointment in a civil case like this. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).

On this record, Plaintiff appears competent to proceed pro se. The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." Pruitt, 503 F.3d at 655 (7th Cir. 2007). Plaintiff's claim is relatively simple, and most of the relevant facts are undisputed. Defendants do not dispute Plaintiff's turkey allergy, and Plaintiff does not dispute Defendants' efforts to accommodate that allergy. Plaintiff has some federal litigation experience, and his filings demonstrate some knowledge of civil procedure and the law. Also, Plaintiff has taken two years of college classes. (Pl.'s Dep. 86.) Plaintiff contends that he has not been able to obtain relevant evidence, but Plaintiff's prior motion to compel was granted in part, and Plaintiff has not identified what relevant evidence he is missing. Plaintiff also

asserts that he has not been able to depose Defendants, but he does not identify any information that he would be able to obtain through a deposition that he could not obtain in written discovery. On this record, Plaintiff appears able to continue proceeding pro se.

**IT IS ORDERED:**

1) Plaintiff's motion for summary judgment is denied. (d/e 62.) This motion is actually a motion to compel Defendant Blaesing to respond differently to Plaintiff's discovery requests. The Court has reviewed Defendant Blaesing's answers and objections and finds them appropriate and responsive.

2) Defendants' motions for summary judgment are denied with leave to renew by December 31, 2018. (d/e's 66, 69.)

3) Plaintiff's motion for default judgment (d/e 86) is actually a motion to compel compliance with Magistrate Judge Schanzle-Haskins' 8/22/18 order, which directed Defendants to provide Plaintiff certain information. The motion is denied (d/e 86) because Defendants maintain that they have complied with the order. Plaintiff may renew his motion to compel by December 17, 2018, attaching the

documents Defendants provided to Plaintiff in response to Magistrate Schanzle-Haskins' order and explaining what is missing.

4) Plaintiff's motion for the Court to try to recruit pro bono counsel is denied. (d/e 84.) However, if Plaintiff provides the name of the attorney who offered to accept pro bono appointment in this case, the Court will contact that attorney.

**ENTERED: November 27, 2018**

                                        **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                                    U.S. DISTRICT JUDGE